UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------

BEVERLY A. BRADLEY,

      Plaintiff,

      v.

MORTGAGE ELECTRONIC
REGISTRATION SYSTEM, et al.,

      Defendants.

------------------------------------------------------

CASE NO. 1:11-CV-02492

OPINION & ORDER
[Resolving Doc. No. 5]

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

With this case, originally filed in Rhode Island state-court, Plaintiff Beverly Bradley seeks injunctive and declaratory relief against Defendants Mortgage Electronic Registration System and AmTrust Bank. Bradley seeks a declaration that a mortgage held by AmTrust is void, an injunction on eviction proceedings, and an order quieting title. [Doc. 1-2.]

AmTrust is, however, in receivership, with the Federal Deposit Insurance Corporation (FDIC) as receiver. *See* [Doc. 4.] On November 16, 2011, FDIC removed Bradley's action to this Court, [Doc. 1], and the Court granted FDIC's motion to substitute itself for AmTrust Bank, [Doc. 4]. On November 23, 2011, FDIC moved to dismiss for lack of subject matter jurisdiction under Federal Rule of Civil Procedure 12(b)(1) and 12 U.S.C. § 1821(d)(3)-(8) & (13) and for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6). Bradley did not respond. Finding that Bradley failed to exhaust the administrative remedy and fails to state a claim upon which relief may be granted, the Court GRANTS FDIC's motion to dismiss.

On a factual jurisdictional attack, such as this one, the Court must "weigh the conflicting

Case No. 1:11-CV-02492
Gwin, J.

evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990). Moreover, this Court "has wide discretion to allow affidavits, documents and even a limited evidentiary hearing to resolve disputed jurisdictional facts." *Id.* To survive a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S.Ct. 1937, 1949 (2009) (citing *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

As part of the Financial Institutions Reform, Recovery, and Enforcement Act (FIRREA), 12 U.S.C. § 1821(d) establishes the "[p]owers and duties of [FDIC] as conservator or receiver," for a depository institution, including the power to manage the depository institution's assets. Once FDIC is appointed receiver, 12 U.S.C. § 1821(d) mandates an administrative-claims process for claims against the depository institution (and the FDIC as receiver). Moreover, 12 U.S.C. § 1821(d)(13)(d) provides that "no court shall have jurisdiction over . . . any claim or action for payment from, or any action seeking a determination of rights with respect to, the assets of any depository institution for which the [FDIC] has been appointed receiver . . . ."

That section is not an "absolute bar to jurisdiction." *Village of Oakwood v. State Bank and Trust Co.*, 539 F.3d 373, 385 (6th Cir. 2008) (citing *Home Capital Collateral, Inc. v. F.D.I.C.*, 96 F.3d 760, 763 (5th Cir.1996)). But the *Village of Oakwood* court further explained that 12 U.S.C. § 1821(d)(13)(d) is a statutory exhaustion requirement and that the "failure to file an administrative claim within the period provided by § 1821(d)(6) results in [the claimant] having no further rights or remedies with respect to such claims . . . ." *Id.* at 385-86.

That statutory exhaustion requirement applies to Bradley's claims. On December 4, 2009,

Case No. 1:11-CV-02492
Gwin, J.

the Office of Thrift Supervision closed AmTrust Bank and appointed FDIC as its receiver. [Doc. 5-2; Doc. 5-3.] Nearly two years later, on November 16, 2011, Bradley filed her complaint.[1/] [Doc 1-2.] Bradley's claim for a declaration that a mortgage held by AmTrust is void is an "action seeking a determination of rights with respect to the assets" of AmTrust Bank. 12 U.S.C. § 1821(d)(13)(d). Accordingly, Bradley's claims against AmTrust, with FDIC as receiver, fall within the class of claims governed by § 1821(d).

Bradley has not fulfilled that section's exhaustion requirements. According to FDIC, Bradley never filed an administrative claim with the FDIC. [Doc 5-1.] Bradley provides no proof (or argument) to the contrary. Because Bradley has not exhausted her administrative remedies as required by § 1821(d), the Court lacks jurisdiction over Bradley's claim.

Furthermore, Bradley's claims for declaratory and injunctive relief are barred by 12 U.S.C § 1821(j) which provides that "[e]xcept as provided in this section, no court may take any action . . . to restrain or affect the exercise of powers or functions of the [FDIC] as a conservator or a receiver." Citing a D.C. Circuit decision, the Sixth Circuit noted that "§ 1821(j) barred the court from restraining the foreclosure . . . because that would restrain or affect the FDIC's exercise of its powers or functions as . . . receiver." *Superior Bank, FSB v. Boyd (In re Lewis)*, 398 F.3d 735, 740 (6th Cir. 2005) (internal quotation marks omitted) (citing *Freeman v. F.D.I.C.*, 56 F.3d 1394, 1398 (D.C.Cir.1995)).

Similarly, Bradley's complaint, seeking to quiet title and injunctive relief preventing eviction, would "restrain or affect the FDIC's exercise of its powers" as receiver. *Id.* Accordingly, Bradley's

---

[1/]Bradley, apparently aware that FDIC was appointed receiver, states that "the U.S. Office of Thrift Supervision closed down the bank after its' [sic] parent company, AmTrust Financial Corp. filed for Chapter 11 bankruptcy." [Doc. 1-2.]

-3-

Case No. 1:11-CV-02492
Gwin, J.

claims for injunctive and declaratory relief are barred by 12 U.S.C § 1821(j) and, under Federal Rule of Civil Procedure 12(b)(6), must be dismissed.

    For the reasons stated above, the Court GRANTS FDIC's motion to dismiss.

    IT IS SO ORDERED.


Dated: February 10, 2012                        s/ *James S. Gwin*
                                                 JAMES S. GWIN
                                                 UNITED STATES DISTRICT JUDGE